# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**VICKY L. ANDERSON,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0274**  (BOR Appeal No. 2047578)
(Claim No. 2012013976)

**MARION COUNTY SENIOR CITIZENS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Vicky L. Anderson, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Marion County Senior Citizens, Inc., by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 15, 2013, in which the Board reversed an August 23, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's November 1, 2011, decision denying Ms. Anderson's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Anderson worked as a home care worker for Marion County Senior Citizens, Inc. She alleges that, on September 26, 2011, she was vacuuming at a client's residence and bent over to move a case of water over a footstool when she started having pain in her back, hip, and down her legs. Ms. Anderson filed a workers' compensation application for this injury. John Manchin II, D.O., opined that the incident is a workers' compensation related accident that involved herniation of a lumbosacral disc with subsequent discectomy and long postoperative course. The

1

claims administrator denied Ms. Anderson's application for workers' compensation benefits and found that there were sufficient inconsistencies and contradictions to conclude that Ms. Anderson was not injured in the course of and as a result of her employment.

The Office of Judges reversed the claims administrator's decision and held the claim compensable for a herniated disc. The Board of Review reversed the Order of the Office of Judges and rejected the claim for compensability because it found no injury occurred in the course of and as a result of her employment. On appeal, Ms. Anderson disagrees and asserts that the medical documents from West Virginia University Healthcare and Dr. Manchin, her testimony, and both Reports of Occupational Injury prove that she suffered an injury in the course of and resulting from her employment. She further argues that she did report the injury on the date of the accident to Dr. Manchin and to her supervisor, Vickie Jarvis, RN. Marion County Senior Citizens, Inc., maintains that Ms. Anderson did not report a work-related injury to her supervisor on the date of the alleged incident but merely informed her supervisor that she was seeking medical treatment at the Manchin Clinic. It further maintains that Ms. Anderson did not inform Dr. Manchin of the alleged work-related injury until after he had provided significant treatment for two weeks and not until she was referred for an MRI for the lumbar spine.

The Board of Review based its conclusion on the fact that Ms. Anderson sought medical treatment from Dr. Manchin on four occasions, including the date of the alleged incident, before Dr. Manchin's records mention an occupational injury and that Ms. Anderson did not report an occupational injury to Marion County Senior Citizens, Inc. It found Ms. Anderson did not report an occupational injury until she was referred for an MRI. The Board of Review further based its decision on Ms. Anderson being diagnosed with lumbosacral disc disease, arthritis, and degenerative joint disease and received treatment for these conditions for three weeks with Dr. Manchin with no mention of an occupational injury. The Board of Review concluded that Dr. Manchin was treating Ms. Anderson for these diagnoses unrelated to her employment and not for an occupational injury.

The Board of Review erred in its conclusion. The Office of Judges found that, although the initial records of Dr. Manchin and Ms. Jarvis do not mention that Ms. Anderson suffered an occupational injury, Ms. Anderson did seek treatment on the alleged incident date for her low back, hip, and leg pain. Ms. Anderson also notified her supervisor that she was having these pains and seeking medical treatment. Ms. Anderson testified that she informed Dr. Manchin and her supervisor on the date of the alleged incident that she suffered an occupational injury. Marion County Senior Citizens, Inc., stated that it was notified of the alleged work injury on October 14, 2011. The Office of Judges concluded that the MRI of October 15, 2011, revealed a large disc herniation at L3-L4 and that there is no evidence in the record that shows Ms. Anderson had any prior back problems that required treatment. Dr. Manchin opined that this is a workers' compensation related accident involving herniation of a lumbosacral disc with subsequent discectomy and long postoperative course. Therefore, the Office of Judges correctly concluded that Ms. Anderson suffered a compensable incident on September 26, 2011, which caused a disc herniation at L3-4. This Court reverses the Board of Review and the claim is remanded with instructions to reinstate the August 23, 2012, Order of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the August 23, 2012, Order of the Office of Judges is reinstated.

Reversed and Remanded.

**ISSUED: September 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3